### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JORDAN MOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: CIV-2024-776-HE |
| LAWTON CORRECTIONAL FACILITY ) | |
| a.k.a. GEO GROUP, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Jordan Moody, by and through her attorney, D. Alex Palmer, hereby complains against Lawton Correctional Facility a.k.a. Geo Group, Inc.

## PARTIES

1. Plaintiff, Jordan Moody (hereinafter "Plaintiff"), a female, is an individual resident residing in Comanche County, Oklahoma, within the Western District of Oklahoma.

2. Plaintiff is a former employee of Defendant, Lawton Correctional Facility a.k.a. Geo Group, Inc, (hereinafter "Geo Group, Inc.", "LRCF" and "Defendant").

3. Defendant, Geo Group, Inc. is a Publicly traded C corporation that invests in private prisons doing business in Comanche County, Oklahoma, within the Western District of Oklahoma.

## NATURE OF CASE

4. Plaintiff asserts a claim pursuant to gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e *et seq*., as amended. Plaintiff also brings a state law claim for sex discrimination as prohibited by the Oklahoma Anti-Discrimination Act (hereinafter "OADA"), *see* 25 O.S. §1101 *et seq*.

1

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to section 706(f) of Title VII of the Civil Rights Act of 1964, 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 626(c), and 42 U.S.C. 2000e-5(f)(3). Plaintiff also brings a pendant Oklahoma state law claim under 25 O.S. § 1101 et. seq. This Court has jurisdiction over pendant state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue in this district is proper pursuant to 28 U.S.C. §1391 (b)–(c), because Defendant operates in this district and the unlawful conduct giving rise to the claims occurred in this district.

7. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981(a).

8. Costs and attorney fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54.

9. This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this district, and pursuant to 42 U.S.C. § 2000e-5(f)(3) the unlawful employment practice occurred in this district.

## CONDITIONS PRECEDENT

10. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 29, 2024.

11. The EEOC issued a notice of right to sue for charge 564-2024-00460, against the Geo Group, Inc.

12. Plaintiff was issued a notice of right to sue letter for the above charges on April 30, 2024 and this lawsuit was filed within ninety (90) days of Plaintiff's receipt of such notice.

13. Plaintiff sent notices to State of Oklahoma Office of Management and Enterprise Services and Geo Group Inc. in compliance with the Oklahoma Government Tort Claims Act on July 26, 2024.

14. Plaintiff has exhausted her administrative remedies under the law.

## GENERAL ALLEGATIONS

15. Plaintiff was hired as a Case Manager at Geo Group, Inc. a.k.a. Lawton Correctional Facility March, 2023. The Geo Group, Inc. a.k.a. Lawton Correctional Facility is located in Lawton, Oklahoma.

16. Plaintiff immediately began receiving disparate treatment and over the next couple of months she was called into the Facility Administrator David Cole's office to discuss her attendance points. However, during this meeting Mr. Cole assured Ms. Moody that he could not in good conscious discipline her regarding her attendance due to him having "…Supervisors with worse attendance points."

17. On or about August 28, 2023, Ms. Moody was in the property office dropping off some inmate property when she noticed that an inmate named Kurtis Southerland was transferring to another DOC facility. Mr. Southerland had been an orderly for Ms. Moody when she had worked for the facility previously and had done an exemplary job. Ms. Moody seeing that Mr. Southerland was continuing to make positive choices resulting in him being transferred to another facility, Ms. Moody approached Mr. Southerland engaging him in a short hug and wishing him luck.

18. On August 29, 2023, Ms. Moody was called into Mr. Cole's office, shown the CCTV video of her interaction with Mr. Southerland, and asked to explain the video. After walking Mr. Cole through what he saw on the video, Mr. Cole asked Ms. Moody how this looked on her fiancé Lieutenant Russell since Southerland was a high-ranking member of the Universal Aryan Brotherhood. LT. Russell is Ms. Moody's fiancé and is an investigator at the facility assigned to the gang units.

19. At the conclusion of the meeting with Mr. Cole, Ms. Moody was placed on administrative leave with pay pending an investigation. The investigation was assigned to Assistant Facility Administrator Major Latoya Dawson on behalf of the Defendant and outside investigator Agent Tommy Stranahan was brought in by the ODOC Office of the Inspector General as well. Ms. Moody was advised to call in every Friday to the facility to check on the status of the investigation.

20. On or around September 2023, Agent Stranahan contacted Ms. Moody to come in to do interview with him where he asked her what had taken place. At conclusion of his investigation, it was revealed that Ms. Moody did violate policy for the hug. Also, staff member Benjamin Boyd and one other staff member were determined to have violated policy for not reporting the incident within policy standards. Mr. Boyd and the other staff member did receive disciplinaries but were permitted to keep their jobs while Ms. Moody was terminated on or about October 18, 2023.

21. There are several other incidents where male employees committed the same or more serious policy violations but were allowed to keep their Jobs. On or about November 10, 2023, Officer Ke 'Vonte Smith, a male, was involved in a physical altercation with an

inmate. After the altercation ended, Officer Smith and the inmate hugged. The incident was reported, and management was aware of the hug, but Officer Smith is still employed with LCRF. In early 2024, both Sergeant Lorenzo Wallace and Lieutenant Dawan Brown, both males, violated policy by bringing their personal firearms into the facility, both incidents were reported, both men still have their jobs.

22. Ms. Moody feels that she has been discriminated against and as such has been targeted based on her gender as a female due to them giving more favorable disciplinary outcomes to male employees than female employees.

23. As a result of Defendant's actions, Plaintiff has sustained the following injuries: loss of employment, loss of career path and opportunity, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

24. Plaintiff has been damaged well in excess of $75,000.00.

25. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, or in reckless disregard for the legal rights of Plaintiff.

## **COUNT I: ILLEGAL DISCRIMINATION BASED UPON GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *et seq.***

26. Plaintiff reasserts and incorporates by reference paragraphs 15-25 as set forth above as if fully restated herein.

27. At all relevant times, Plaintiff was qualified for the position she held and had been performing satisfactorily.

28. Defendant's actions, as described above, in terminating the Plaintiff due to discriminatory reasons, is in clear violation of Title VII of the Civil Rights Act of 1964.

29. Plaintiff's gender was a motivating factor in Defendants' adverse employment-related actions described above. Defendants violated Plaintiff's rights under Title VII by taking such adverse actions.

30. As a result of Defendants' illegal conduct under Title VII, Plaintiff has suffered losses, injuries, and damages, as set forth in paragraphs 23-25, above.

31. Plaintiff is entitled to and seek all legal and equitable remedies provided to a prevailing plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

32. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## **COUNT II: ILLEGAL DISCRIMINATION BASED UPON SEX IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT ("OADA"), 25 O.S. § 1101 *et. seq.***

33. Plaintiff reasserts and incorporates by reference paragraphs 15-25 as set forth above as if fully restated herein.

34. Plaintiff's termination is due to her status as a female.

35. Plaintiff would not have faced such sex-based discrimination had she not been a female.

36. The acts and omissions described above violate the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101 *et. seq.*

37. As a result of Defendant's discriminatory and retaliatory actions against Plaintiff, Plaintiff has suffered the losses and damages described in paragraphs 23-25.

38. As such, Plaintiff is entitled to recover from Defendant all actual and compensatory damages, including, but not limited to, damages for back pay, front pay, humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety resulting from his wrongful discharge, as well as punitive damages.

39. Plaintiff is also entitled, under 25 O.S. §§ 1350(H) and 1506.8, to recover court costs and attorney fees incurred in pursuing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c. Punitive damages;

d. Compensatory damages;

e. Consequential damages;

f. Injunctive and/or declaratory relief;

g. Pre-judgment and post-judgment interest at the highest lawful rate;

h. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

i. That Defendant be enjoined and restrained from engaging in further discriminatory conduct; and

j. Any such further relief as justice allows.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

**RESPECTFULLY SUBMITTED ON THIS 29th DAY OF JULY, 2024.**

/s/ D. Alex Palmer
D. Alex Palmer, OBA #32847
Mazaheri Law Firm, PLLC
3000 W. Memorial Rd. Suite 230
Oklahoma City, OK 73120
Telephone: 405.414.2222
alex@mazaherilaw.com
*Attorney for Plaintiff*

***Attorney's Lien Claimed***